No. 42,187

ALBERT SOLOMON and FREDERICK SOLOMON, *Appellants,* v. LYNN F. MORSE, NELLIE GUNTHER, OSCAR KIMZEY, OLEN SOLOMON, HOWARD L. STAUFFER, GLADYS L. WATSON, RUTH BIRD and BEULAH F. BUMCROT, *Appellees.*

(360 P. 2d 1049)

Opinion filed April 8, 1961.

*L. H. Cable,* of Chanute, was on the briefs for appellants.

*Clyde Hill,* of Yates Center, and *Rex A. Lafferty,* of Fredonia, were on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: The action was to construe the will of Frances Solomon, deceased, and to quiet title in the plaintiffs to 180 acres of land in Woodson County. Trial was by the court which construed the will and entered judgment for the defendants. The plaintiffs have appealed.

The facts are not in dispute, and the sole question presented is the proper construction of the decedent's will.

Frances Solomon executed her will on October 29, 1908, and died on April 1, 1923, the owner of the real estate in question. She was survived by her seven children: Minnie Solomon, Albert Solomon, Ida Morse, John Solomon, Lillie Stauffer, Frederick Solomon, and Nellie Kimzey. On April 6, 1923, the decedent's will was admitted to probate in Woodson County, and her executor was discharged June 25, 1925. The pertinent provisions of the will read:

"*Second:* I give, devise and bequeath to my beloved daughter, Minnie Solomon, my home described as follows, to-wit: (property described) all in Woodson County, Kansas, she the said Minnie Solomon to have said premises above described her life time only, and to keep up the repairs and pay the taxes on said property from year to year, and is not to sell mortgage or in any way dispose of said property during her life time. At her death, it is my will that said property be sold and divided equally share and share alike between my then surviving heirs, all of whom are hereinafter named, I further will devise and bequeath to my said daughter, Minnie Solomon, the sum of $300.00 in cash or its equivalent same to be paid as soon as convenient after my death out of the proceeds of my then personal property.

"*Third:* I give devise and bequeath to my beloved children Albert Solomon of Chanute, Kansas, Ida Morse of Benedict, Kansas, John Solomon and Lillie Stauffer and Frederick Solomon all of Ridge, Kansas, and Nellie Kemcey (Kimzey) of Anadarko, Oklahoma, all the residue of my property both real and personal of which I may die possessed, share and share alike."

Minnie Solomon, the life tenant, died January 4, 1959. Ida Morse, John Solomon, Lillie Stauffer, and Nellie Kimzey died prior to January 4, 1959, each leaving surviving children who are the appellees.

The appellants, Albert Solomon and Frederick Solomon, are the only surviving children of the testatrix. They contend the correct interpretation of their mother's will requires the conclusion that she intended only those of her children who survived the life tenant to have the remainder, and since they are the only two "surviving heirs" they should take to the exclusion of descendants of deceased children.

The appellees contend that the testatrix used the word "heirs" in the second paragraph of her will in its ordinary legal sense so as to include descendants of her deceased children, and that upon the death of the life tenant they are entitled to their *per stirpes* share.

In the second paragraph of her will the testatrix gave her daughter Minnie a life estate in the real estate and provided she was not to

sell, mortgage or in any way dispose of it during her lifetime. She then provided that at Minnie's death, the "property be sold and divided equally share and share alike between my then surviving heirs, all of whom are hereinafter named. . . ." The third paragraph provided: "I give devise and bequeath to my beloved children (naming them, except Minnie), all the residue of my property both real and personal of which I may die possessed, share and share alike."

At the time this case was decided, the learned judge of the district court filed a memorandum decision, and as it clearly sets forth the issues and the reasons for the decision, it is quoted in full:

"In the construction of the will of Frances Solomon it must first be determined what significance her use of the word 'heirs' in paragraph Second has in ascertaining her intent. It is clear that the identity of those who are to take the proceeds from the sale of the land cannot be determined until after the death of Minnie Solomon, the life tenant. Distribution goes to those (whether heirs or children is the question) who are living at the time of the death of the life tenant. It must be assumed that the testatrix used the word 'heirs' rather than 'children' in its ordinary legal sense so as to include descendants of her deceased children. There is nothing in the will to clearly indicate a contrary intent. In leaving the property to her 'then surviving heirs' she follows with the language, 'all of whom are hereinafter named.' It is clear that by the use of those words she did not intend to describe those who in the distant future would constitute the class of 'then surviving heirs', but she only intended to describe those who were her living potential heirs at the time of making the will. The Court cannot find from the language of this will that the testatrix intended to exclude her grandchildren from the benefits of paragraph Second.

"The second question is: What did the testatrix intend when she directed that the property be sold and the proceeds divided between her then surviving heirs 'equally share and share alike?' The most reasonable construction to give the will, and the one which probably reflects the true intent of the testatrix is that she was describing her children as the branches from the common stem as the basis for a *per stirpes* distribution after the death of the life tenant. That is the construction which will be adopted by the Court."

In harmony with the court's memorandum decision judgment was entered that the real estate was owned in fee simple as tenants in common and in the fractional interests by the parties as set forth in the pleadings, and partition was ordered.

We think the district court correctly interpreted and construed the decedent's will. It is clear from a reading of the will that upon the death of the life tenant the real estate was to be sold and the proceeds divided equally, but it is not clear among whom the proceeds are to be divided. The crux of the problem is that the use

of the word "heirs" and the phrase that follows, "all of whom are hereinafter named," must be reconciled. We think that, as the district court found, the proper construction to be given the will is that the testatrix used the word "heirs" in its ordinary legal sense so as to include descendants of her deceased children. To adopt the appellants' contention would in effect change the word "heirs" to the word "children" which the testatrix could easily have done, but she did not do so. Again, as found by the district court, we think by the phrase "all of whom are hereinafter named," the testatrix intended to designate her living potential heirs at the time of making her will. Moreover, no provision is made in the will in case any of the children named in the third paragraph should predecease the testatrix, and there is no language to indicate any intention on her part to disinherit anyone or to divide the property otherwise than equally among those sharing. Construing all the language of the will, we think it must be said the testatrix did not intend to exclude children of her deceased children from sharing in the proceeds of the sale of the land as directed in the second paragraph of her will.

We have not overlooked the authorities cited by the appellants, but in view of the conclusion just announced, it is unnecessary to discuss them.

We find no error in the record and the judgment is affirmed.

It is so ordered.